United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES F. SMYTHE,<br>Plaintiff,<br>v.<br>HEALTHRIGHT 360, et al.,<br>Defendants. | Case No. 25-cv-08206-PHK<br>**ORDER SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915.**<br>Re: Dkts. 1, 3 |

Now before the Court is a determination of whether *pro se* Plaintiff James F. Smythe's ("Plaintiff") Complaint [Dkt. 1] satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B). The Court previously determined that Plaintiff financially qualifies to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915(a). [Dkt. 13]. For the reasons set forth herein, the Court **GRANTS IN FULL** Plaintiff's IFP application and **FINDS** Plaintiff's Complaint is sufficient to be served on Defendants. [Dkt. 1].

**LEGAL STANDARD**

Any complaint filed pursuant to the *in forma pauperis* provisions of Section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is: (A) "frivolous or malicious," (B) "fails to state a claim on which relief may be granted," or (C) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

If the Court dismisses a case pursuant to Section 1915, the Plaintiff may still file the same complaint by paying the filing fee because dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the *in forma pauperis* statute. *Biesenbach v. Does 1-3*, No.

21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

In reviewing the instant Complaint, the Court is cognizant that a *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

**DISCUSSION**

Having determined that Plaintiff financially qualifies to proceed *in forma pauperis*, the Court now undertakes the mandatory screening of the Complaint pursuant to the statutory requirements of 28 U.S.C. § 1915(e)(2)(B). In typical IFP cases, the mandatory screening of a complaint makes sense because Congress intended the screening to ensure that a *pro se* indigent plaintiff's complaint is sufficient to proceed (given that the government does not receive any filing fees from an *in forma pauperis* plaintiff).

The Court has reviewed Plaintiff's Complaint in light of the legal standards discussed herein. Based on that review, and for purposes of IFP screening at this early stage of the case, Plaintiff's Complaint sufficiently states a claim on which relief may be granted, does not seek monetary relief against a defendant who is immune from such relief, and is neither frivolous nor malicious. In sum, Plaintiff's Complaint asserts claims for relief under the Americans with Disabilities Act and Rehabilitation Act of 1973 with regard to alleged conduct by Defendants "including failing to accommodate Plaintiff's known disability, terminating him on a pretextual basis, obstructing his access to evidence during a grievance arbitration, engineering a biased adjudicatory body, and retaliating against him for asserting his rights." [Dkt. 1 at 2]. In light of the Court's review, the Court **FINDS** Plaintiff's Complaint sufficient for purposes of IFP screening.

Because this IFP screening is necessarily *ex parte* and preliminary solely for purposes of determining Plaintiff's IFP status, the Court's findings here are reached without prejudice to and without prejudging any defenses, arguments, submissions, or issues which any Defendants may raise at a later stage of the case. Accordingly, the Court finds the instant Complaint sufficient, for IFP screening purposes, to be served on Defendants. Plaintiff's IFP application is thus **GRANTED**.

## CONCLUSION

Accordingly, for all the reasons discussed herein, Plaintiff's Complaint in this case [Dkt. 1] shall **NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. [Dkt. 3].

Based on the Court's preliminary review of the Complaint and the docket, the next steps in this case will require consideration of issues potentially dispositive of certain Parties or causes of action. To be clear, the Court makes no such rulings on any such issues at this time.

The Clerk **SHALL** issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint [Dkt. 1], with all attachments thereto, and a copy of this Order upon Defendant HealthRIGHT360.

Plaintiff is **ORDERED** to file a Notice (within 10 business days) providing the address for HealthRIGHT360 at which he wants the Complaint to be served. The Marshal is only required to effect service after receipt of that Notice with full contact info for HealthRIGHT360, and no service need be effected or attempted until Plaintiff provides proper contact information for HealthRIGHT360.

**IT IS SO ORDERED.**

Dated: November 24, 2026

PETER H. KANG
United States Magistrate Judge